IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  18-cv-22076-UU

GARRITY ENTERPRISES, LLC,

   Plaintiff
vs.

CAROLINA OROPEZA DE PEREZ,
WORLD'S BEST BRANDS, LLC

   Defendants.
_____/

## COMPLAINT

Plaintiff, GARRITY ENTERPRISES, LLC (GARRITY), hereby files its Complaint against CAROLINA OROPEZ DE PEREZ (CAROLINA) and WORLD'S BEST BRANDS, LLC (WBB) and states as follows:

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff, GARRITY ENTERPRISES, LLC is a citizen and incorporated in the State of Texas.  GARRITY ENTERPRISES'S principal place of business is South Carolina.

2. CAROLINA OROPEZA DE PEREZ is an individual residing in Broward County, Florida.

3. WORLD'S BEST BRANDS, LLC is a dissolved Florida Corporation. CAROLINA OROPEZA DE PEREZ and EDGAR JIMENEZ PEREZ, husband and wife, were the members of World's Best Brands LLC.  They both are citizens and residents of the State of Florida.

4. Subject matter jurisdiction is invoked pursuant to 28 U.S.C. § 1332, as all the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

5. Venue is proper in this District by reason of 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events giving rise to Plaintiff's claims occurred in the Southern District of Florida.

## FACTS

6. GARRITY is a wholesale distributor of luxury watches and jewelry, and ladies' handbags.

7. MIDAS is also a distributor of watches and jewelry. They are an official distributor of OMEGA, LONGINES, and SWATCH watches.

8. GARRITY obtained a judgment against MIDAS after MIDAS did not purchase or deliver watches for GARRITY as it agreed.

9. All conditions precedent to this action have been performed or have been waived.

## COUNT I – ALTER EGO AGAINST CAROLINA OROPEZ DE PEREZ

10. Plaintiff hereby incorporate paragraphs 1-9, as if they were fully set forth herein.

11. CAROLINA at all times, dominated, controlled, and oversaw all operations of MIDAS and WBB, and/or were a mere instrumentality. CAROLINA dominated, controlled, and oversaw all operations of MIDAS and WBB to such an extent that the corporation's independent existence, was in fact nonexistent and CAROLINA is in fact alter egos of MIDAS and WBB.

12. CAROLINA engaged in improper conduct using MIDAS and WBB.

13. MIDAS and WBB are being used for an improper purpose. CAROLINA use(d) MIDAS and WBB to defraud creditors in order to pay for their lavish lifestyles. In one instance, CAROLINA caused MIDAS and WBB to use its monies to pay for such things as a condominium at a time when the companies lacked sufficient capital to pay its own debts.

14. CAROLINA misappropriated corporate funds for personal purposes, or commingled assets so that the ownership interests were indistinguishable.

15. Though the public records indicate that MIDAS and WBB have been administratively dissolved, the companies continue to conduct business through CAROLINA.

16. As to Garrity, CAROLINA intentionally made a false statement to GARRITY so that it would wire transfer money to it and used it for personal expenses and purchases. CAROLINA advised GARRITY that it was going to purchase watches with the money it wire-transferred to it. Instead of purchasing the watches, CAROLINA had intended to use it for personal expenses. CAROLINA's misappropriation of MIDAS and WBB funds caused MIDAS and WBB to be undercapitalized and therefore unable to pay its debts.

17. In fact, CAROLINA and her daughter KRISHA, told GARRITY that SWATCH GROUP was holding up the funds or purchase because MIDAS refused to disclose its customer list to OMEGA and/or SWISS. This was a categorically false statement. In fact, MIDAS never sent SWATCH GROUP any of GARRITY's monies to purchase the watches Midas agreed to sell them. These statements were made to mislead and defraud GARRITY.

18. MIDAS's and WBB corporate property, particularly cash was converted, or the corporate assets depleted for the personal benefit of CAROLINA.

19. Additionally, property belonging to MIDAS and WBB can be traced into the hands of CAROLINA.

20. The domination and control exercised by CAROLINA for an improper purpose proximately caused the injury or unjust loss complained of by GARRITY.

21. Under the circumstances alleged herein, adherence to the corporate fiction would sanction fraud, or promote a manifest injustice.

22. Plaintiffs are entitled to judgment providing that, through alter ego, and veil piercing.

WHEREFORE, Plaintiff, GARRITY ENTERPRISES, LLC, demand judgment against CAROLINA OROPEZA DE PEREZ determining that CAROLINA OROPEZA DE PEREZ is the alter ego of MIDAS INVESTMENTS, LLC and WORLD'S BEST BRANDS LLC. Plaintiff further demands attorney's fees and costs incurred in this action.

## COUNT II – ALTER EGO AGAINST WORLD'S BEST BRANDS

23. Plaintiff hereby incorporate paragraphs 1-9, as if they were fully set forth herein.

24. WBB was in same line of business as MIDAS.

25. WBB, at all times, dominated, controlled, and oversaw all operations of MIDAS and/or were a mere instrumentality. WBB, dominated, controlled, and oversaw all operations of MIDAS to such an extent that the corporation's independent existence, was in fact nonexistent and WBB is in fact alter ego of MIDAS.

26. MIDAS was being used for an improper purpose. MIDAS's officers and family members caused MIDAS to use its monies to fund their lavish lifestyle(s) including paying for a condominium at a time when the company lacked sufficient capital to pay its own debts.

27. Additionally, property belonging to MIDAS can be traced into the hands of WBB.

28. The domination and control exercised by WBB over MIDAS for an improper purpose proximately caused the injury or unjust loss complained of by GARRITY.

29. Under the circumstances alleged herein, adherence to the corporate fiction would sanction fraud, or promote a manifest injustice.

30. Plaintiffs are entitled to judgment providing that, through alter ego, and veil piercing.

WHEREFORE, Plaintiff, GARRITY ENTERPRISES, LLC, demand judgment against WORLD'S BEST BRANDS LLC determining that WORLD'S BEST BRANDS, LLC is alter ego of MIDAS INVESTMENTS, LLC. Plaintiff further demands attorney's fees and costs incurred in this action.

## TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: January 30, 2020

**SOLNICK LAW P.A.**

Attorney for Plaintiff
17501 Biscayne Boulevard
Suite 420
Aventura, FL 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

By: /s/ *Peter J. Solnick, Esq.*
_____
Peter J. Solnick, Esq.
Fla. Bar. 670006